UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

FILED
August 12, 2005

CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

NORMAN LAMPKINS,                    )
TDCJ No. 908954,                    )
           Petitioner,              )
                                    )
v.                                  )          7:02-CV-172-R
                                    )
DOUGLAS DRETKE, Director,           )
Texas Department of Criminal Justice, )
Institutional Division,             )
           Respondent.              )

### MEMORANDUM OPINION AND ORDER

Came on to be considered the papers and pleadings filed in this action and the Court finds

and orders as follows:

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by an inmate

confined by the Texas Department of Criminal Justice. On January 18, 2000, in the 50th Judicial

District Court of Cottle County, Texas, Norman Lampkins entered a plea of guilty to the charge of

possession of a controlled substance with intent to deliver. *Petition ¶¶ 1-6; State v. Lampkins, No.*

*2753 (50th Judicial District of Cottle County, Texas), Transcript at p.32 (hereinafter "TR p.___").*

His sentence, enhance by a prior felony conviction, was assessed at forty years confinement. *Id.*

Petitioner filed a direct appeal which was dismissed on July 31, 2000.[1] Lampkins' petition for

discretionary review was refused on January 31, 2001. *Lampkins v. State, P.D.R. No. 1935-00.* He

---

[1] Counsel for Lampkins filed an *Anders* brief along with a motion to withdraw as counsel on appeal. *See Anders v. State of California*, 386 U.S. 738 (1967). The Seventh Court of Appeals found that Lampkins' plea of guilty was knowing and voluntary. The appeal was dismissed pursuant to Lampkins' waiver of the right to appeal. *Lampkins v. State*, No. 07-00-0094-CR (Tex. App. – Amarillo, July 31, 2000, pet. ref'd).

filed one state habeas application attacking this conviction which, on July 31, 2002, was denied

without written order. *See Petition ¶¶ 10-11; Ex parte Lampkins, App. No. 48,751-02 at Cover.*

In support of the instant petition, Lampkins presents the following grounds for relief:

1.    The prosecution withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963);

2.    Prosecutorial misconduct for failure to disclose evidence favorable to Lampkins;

3.    He was denied the right to counsel during his arrest and interrogation, during the search of his home and from the time of his arrest to his arraignment;

4.    He was not given proper *Miranda* warnings, his home and truck were unlawfully searched and he was unlawfully arrested;

5.    He was subjected to excessive bail and denied an examining trial;

6.    The guilt/innocence phase of his trial was conducted in a closed courthouse at 6:00 p.m., after normal business hours;

7.    He was arrested, charged and convicted because of a racially motivated conspiracy involving everyone from arresting officers to potential jurors;

8.    Ineffective assistance of counsel at trial for the following reasons:

    A.    Counsel failed to conduct an independent investigation;
    B.    Counsel had a conflict of interest;
    C.    Counsel failed to follow through on pre-trial motions;
    D.    Counsel failed to explain the law and the consequences of his plea;
    E.    Counsel was unprepared, failed to present a defense and never intended to go to trial;
    F.    Counsel failed to reveal the entire plea agreement to petitioner and failed to ensure petitioner's understanding of the agreement;
    G.    Counsel failed to object to an unlawful civil forfeiture waiver;
    H.    Counsel used threats and coercion to force a guilty plea;

9.    Ineffective assistance of counsel on appeal because counsel wrongfully appeared on his behalf and filed an *Anders* brief;

10.   His plea of guilty was coerced and involuntary;

11.     The trial court erred by failing to determine the legal sufficiency of the evidence beyond a reasonable doubt.

*Petition ¶¶ 20.A-E and Brief in Support of Petition at pages 11-54.*[2]

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "the Act"), Pub. L. 104-132, 110 Stat. 1214, under which we now have a heightened standard of review in federal habeas corpus proceedings. Title I of the Act substantially changed the way federal courts handle such actions. The AEDPA applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Petitioner filed the instant petition after the effective date of the AEDPA. Therefore, Title I of the Act applies to his petition.

The AEDPA provides in pertinent part:

(d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C.A. § 2254(d) (West 2002).

Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court

---

[2] Along with his *Petition for Writ of Habeas Corpus*, Lampkins filed a pleading entitled *Motion for Leave to File Petition for Writ of Habeas Corpus by a Person in State Custody 28 U.S.C. § 2254.* The motion is actually a brief in support of his petition. Therefore, the Court will refer to the pleading as "*Brief in Support of Petition.*"

on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir.), *cert. denied*, 531 U.S. 1002 (2000). Under § 2254(d)(2), the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court (1) unreasonably applies the correct legal rule to the facts of a particular case or (2) it unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 407. The standard for determining whether a state court's application was unreasonable is an objective one. This standard of review applies to all federal habeas corpus petitions which, like the instant case, were filed after April 24, 1996, provided that they were adjudicated on the merits in state court. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Resolution on the merits in the habeas corpus context is a term of art that refers to the state court's disposition of the case on substantive rather than procedural grounds. *Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997).

Upon a finding of state court compliance with the "contrary to" clause of 28 U.S.C. § 2254(d)(1), federal courts give deference to the state court's findings unless such findings violate the "unreasonable application" clause of 28 U.S.C. § 2254(d)(2). *Chambers*, 218 F.3d at 363. The "unreasonable application" clause concerns only questions of fact. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). The resolution of factual issues by the state court are afforded a presumption of correctness and will not be disturbed unless the habeas petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 550 (1981). Absent such evidence, the presumption of correctness is applied provided

-4-

that the state court findings are evidenced in writing, issued after a hearing on the merits and are fairly supported by the record. 28 U.S.C. § 2254(d); *Burden v. Zant*, 498 U.S. 433 (1991); *Williams v. Scott*, 35 F.3d 159, 161 (5th Cir. 1994), *cert. denied*, 513 U.S. 1137 (1995).

In his first two grounds for relief, Lampkins claims that the prosecution engaged in wrongful conduct when exculpatory evidence was withheld in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Lampkins was charged with possession of cocaine with intent to deliver after officers saw him throw a bag of cocaine out of the car he was driving. Lampkins argues that a videotape shot from a camera in the police car shows that nothing was thrown from the car. He claims that, after a judge saw the videotape, charges against his co-defendant, Betty Polk, were dismissed. Lampkins now seeks habeas relief on the ground that prosecution failed to produce the videotape when exculpatory evidence was sought by his attorney.

"[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. Evidence is favorable to an accused under *Brady* "if it would tend to exculpate him or reduce the penalty...." *Id.* at 87-88. In the case at bar, the Court must determine, not whether the state carried out all of its constitutional duties, but whether any error justifies collateral relief pursuant to the standards set forth in the AEDPA, specifically 28 U.S.C. § 2254(d). As previously discussed, the AEDPA specifies that, to obtain federal collateral relief, a prisoner must show that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

-5-

The holding of *Brady v. Maryland* "requires a prosecutor to disclose exculpatory evidence for purposes of ensuring a fair trial, a concern that is absent when a defendant waives trial and pleads guilty." *Orman v. Cain*, 228 F.3d 616, 617 (5th Cir. 2000).  Because the Supreme Court has not extended *Brady* to proceedings in which the defendant enters a plea of guilty, the state habeas court's denial of petitioner's *Brady* claim was not unreasonable.  *See id.* at 621 (holding that, under AEDPA standards, it is "patently reasonable" for courts to decide not to extend *Brady* to guilty pleas). Accordingly, a prosecutor's failure to disclose potentially exculpatory material to a criminal defendant prior to entry of a guilty plea does not constitute a violation of *Brady* or the Due Process Clause.  Under the AEDPA, Petitioner's *Brady* claim is insufficient as a matter of law to warrant habeas relief.

In his next four grounds for relief, Nos. 3-6 above, Lampkins alleges that he was denied the right to counsel during his arrest and interrogation, during the search of his home and from the time of his arrest to his arraignment; that he was not given proper *Miranda* warnings; that his home and truck were unlawfully searched; that he was unlawfully arrested; that he was subjected to excessive bail and denied an examining trial, and; that the guilt/innocence phase of his trial was conducted in a closed courthouse at 6:00 p.m., after normal business hours.

As noted earlier, Lampkins entered a plea of guilty to the charge of possession of a controlled substance with intent to deliver.  A plea of guilty is more than a mere confession; it is an admission that the defendant committed the charged offense.  *Taylor v. Whitley*, 933 F.2d 325, 327 (5th Cir. 1991) (citing *North Carolina v. Alford*, 400 U.S. 25, 32 (1970)), *cert. denied*, 503 U.S. 988 (1992). Once a criminal defendant has entered a guilty plea, all nonjurisdictional defects in the proceedings are waived except claims of ineffective assistance of counsel relating to the voluntariness of a guilty

plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (citing *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982)), *cert. denied*, 466 U.S. 906 (1984). A knowing and voluntary plea of guilty waives all preceding nonjurisdictional defects, including Fourth Amendment claims. *See Beasley v. McCotter*, 798 F.2d 116, 118-19 (5th Cir.1986), *cert. denied*, 479 U.S. 1039 (1987); *Norman v. McCotter*, 765 F.2d 504, 511 (5th Cir. 1985); *United States v. Diaz*, 733 F.2d 371, 376 n. 2 (5th Cir. 1984); *Williams v. Wainwright*, 604 F.2d 404, 406-07 (5th Cir. 1979); *United States v. Bell*, 457 F.2d 1231, 1234 n. 1 (5th Cir. 1972). Therefore, review of Lampkins' grounds for relief No. 3-6 above is foreclosed pursuant to his plea of guilty. *See, e.g., Tollett v. Henderson*, 411 U.S. 258, 265 (1973) (voluntary guilty plea waives non-jurisdictional defects in a criminal proceeding); *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir.), *cert. denied*, 531 U.S. 919 (2000) (guilty plea bars review of ineffective assistance of counsel claims that do not implicate validity of plea itself); *Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir.), *cert. denied*, 531 U.S. 830 (2000) (noting longstanding rule that valid guilty plea bars habeas review of non-jurisdictional claims alleging antecedent violations of constitutional rights).

Next, Lampkins claims that he was arrested, charged and convicted because of a racially motivated conspiracy involving everyone from arresting officers to potential jurors. This theory is based upon counsel's alleged statement that Lamkins would be convicted because he is Black and because he was not from Paducah. Assuming, *arguendo*, that counsel made such a statement, Lampkins has provided nothing to support his claim that there was actually some racially motivated conspiracy among law enforcement officers, judicial officers and citizens that may have served as jurors had he elected to go to trial. "Although *pro se* habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'"

*Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (quoting *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)).  Moreover, review of this ground for relief is foreclosed pursuant to Lampkins' plea of guilty.

In his next ground for relief, Lampkins claims that he was denied effective assistance of counsel at trial.  The Sixth Amendment of the United States Constitution guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  When a convicted defendant seeks habeas corpus relief on the ground of ineffective assistance of counsel, he must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland*, 466 U.S. at 687-91 & 694.  A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

To satisfy the second or "prejudice" prong of the *Strickland* test in the context of a guilty plea a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *accord Craker v. McCotter*, 805 F.2d 538, 541 (5th Cir. 1986).  Therefore, in the context of a guilty plea, a petitioner alleging ineffective assistance of counsel may attack counsel's performance only as it relates to the voluntariness of his guilty plea. *Tollett v. Henderson*, 411 U.S. 258 (1973); *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir.), *cert. denied*, 513 U.S. 968 (1994); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

It is not sufficient for a habeas petitioner to merely allege deficiencies on the part of counsel. He must affirmatively plead the resulting prejudice in his habeas petition. *Hill v. Lockhart*, 474 U.S.

at 59-61; *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988).   A court reviewing an ineffectiveness claim need not consider the two inquires under *Strickland* in any particular order since a failure to establish either requirement necessarily defeats the claim. *Strickland*, 466 U.S. at 697; *Smith v. Puckett*, 907 F.2d 581, 584 (5th Cir. 1990), *cert. denied*, 498 U.S. 1033 (1991).

"It is well settled that effective assistance is not equivalent to errorless counsel or counsel judged ineffective by hindsight. [citations omitted].  Rather, inquiry must be made into the totality of the circumstances surrounding counsel's performance to determine whether reasonably effective representation was provided." *Tijerina v. Estelle*, 692 F.2d 3, 7 (5th Cir. 1982).  A court reviewing an ineffectiveness claim must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence or that, under the circumstances, the challenged action might be considered sound trial strategy.  *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993); *Bridge v. Lynaugh*, 838 F.2d at 773.

With regard to his plea of guilty, Lampkins alleges that it was involuntary because counsel failed to explain the law and the consequences of his plea, failed to reveal the entire plea agreement to Petitioner, failed to ensure Petitioner's understanding of the agreement and used threats and coercion to force a plea of guilty.[3]  Lampkins complains that counsel did not consult with him about a defense strategy, that counsel failed to request funds for investigative services and travel expenses, that counsel stated that a hearing on pre-trial motions was not necessary, that counsel was unprepared for trial and never intended to go to trial, that the 10 minute pre-trial hearing demonstrated counsel's lack of interest in the case, that counsel stated his belief that Lampkins was

---

[3] Lampkins' additional ineffective assistance of trial counsel claims are unrelated to the voluntariness of his guilty plea and are therefore waived.

-9-

guilty and would be found guilty at trial and that counsel advised him that, if he didn't accept the prosecutor's plea offer, he faced a 99-year sentence in a jury trial. *Brief in Support of Petition at pp. 33, 34, 36, 39 & 40.*

Lampkins has failed to satisfy the second prong of the *Strickland* test as modified by *Hill v. Lockhart* for cases involving habeas petitioners who pleaded guilty. He alleges no facts or circumstances which might support a conclusion that, but for the alleged deficiencies of counsel, he would not have pleaded guilty and would have insisted on going to trial. His claims related to ineffective assistance of counsel are conclusory in nature and, as such, fail to state a cognizable ground for relief. Petitioner has put forth no evidence illustrating how his attorney failed to give effective assistance, he has not shown that trial counsel misadvised him and he has not demonstrated that counsel did not render reasonably competent advice. Consequently, it is the opinion of the Court that petitioner has failed to show any deficient performance on the part of trial counsel and he has not shown any prejudice from the purported misadvice by trial counsel.

To the extent that counsel informed Lampkins that he faced a possible 99-year sentence, review of the record reveals that information was correct. *State v. Lampkins, No 2753, Reporter's Record, Volume 4 of 5 at p. 6.* To the extent that counsel advised Lampkins to accept the plea offer in light of his belief that Lampkins would be convicted at trial, it appears that, under the circumstances, such advice fell within the realm of reasonably competent advice. The record reflects that Lampkins faced a maximum sentence of 99-years in the instant case. In exchange for his plea of guilty, the prosecutor dismissed three additional indictments against Lampkins, Cause Nos. 2754, 2755 & 2756. *Id. p. 16.* The charges were unlawful possession of a firearm by a felon (No. 2754), possession with intent to deliver a controlled substance (cocaine) in an

-10-

amount over four grams but less than 200 grams (No. 2755) and delivery of a controlled substance (cocaine) in an amount over four grams and under 200 grams (No. 2756). Each of the three indictments alleged a prior conviction for the unlawful possession of a controlled substance (heroin). *Brief in Support of Petition, Appendix at pp. 53-58.*

If Petitioner had elected to go to trial in the instant case, in which he faced a sentence of **15-99 years**, he would have been subjected to three additional charges carrying sentences as follows: No. 2754, unlawful possession of a firearm by a felon, **2-10 years** (Texas Penal Code § 46.04 and § 12.34 (West 1999)); No. 2755, possession with intent to deliver a controlled substance (cocaine) in an amount over four grams but less than 200 grams, **5-99 years** - enhanced (Texas Health & Safety Code § 481.115(d) (West 1999) and Texas Penal Code § 12.42(b)(West 1999)); No. 2756, delivery of a controlled substance (cocaine) in an amount over four grams and under 200 grams, **15-99 years or life** - enhanced (Texas Health & Safety Code § 481.112(d) (West 1999) and Texas Penal Code § 12.42(c)(1)(West 1999)). Thus, Petitioner's plea bargain agreement, with it's 40-year sentence, enabled him to avoid the possibility of one life sentence, two 99-year sentences and a 10-year sentence. Considering the potential exposure, counsel's advice regarding acceptance of the plea offer appears to have been within the range of competency demanded of attorneys in criminal cases.

Moreover, a review of the record reveals that Petitioner understood the true nature of the charges against him and was admonished in open court as to the full range of punishment available. *State v. Lampkins, No 2753, Reporter's Record, Volume 4 of 5 at pp. 6-7; TR at p. 30.* The trial court admonished Lampkins as to the consequences of his plea and found his plea to be knowing and voluntary. *State v. Lampkins, No 2753, Reporter's Record, Volume 4 of 5 at pp. 6-14.* In a habeas

-11-

corpus proceeding, the state court's records are entitled to a presumption of regularity which the district court may properly rely upon in preference to the Petitioner's own self-serving statements. *Walker v. Maggio*, 738 F.2d 714, 717 (5th Cir. 1984), *cert. denied*, 469 U.S. 1112, 105 S.Ct. 793 (1985); *Thompson v. Estelle*, 642 F.2d 996, 998 (5th Cir. 1981).   In short, Lampkins' conclusory allegations of ineffective assistance of counsel, as they relate to his guilty plea, fail to raise a colorable basis for habeas corpus relief.  *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

Next, Lampkins claims that he was denied effective assistance of counsel on appeal.  In a claim of ineffective assistance of counsel on appeal, a petitioner must demonstrate both that "counsel's errors were so serious that counsel was not functioning as the counsel guaranteed to the defendant by the sixth amendment" and "that the particular lapse was prejudicial, meaning that there is a reasonable probability that but for the error the ultimate result would have been different." *McCrae v. Blackburn*, 793 F.2d 684, 688 (5th Cir.), *cert. denied*, 479 U.S. 965 (1986).  This is the same standard set forth under *Strickland* for ineffective assistance of counsel at trial.

Lampkins claims that he was denied effective assistance of counsel on appeal because counsel wrongfully appeared on his behalf and because counsel filed an *Anders* brief.  It is not clear from the record whether trial counsel was appointed to represent Lampkins on appeal.  However, the Court may presume that counsel was obligated to continue representing Lampkins because he filed the *Anders* brief and a motion to withdraw as counsel.  Lampkins' complaint appears to be that counsel filed the *Anders* brief without first consulting him.  *Brief in Support of Petition at p. 40.* This ground for relief is without merit.  Petitioner was permitted to file a *pro se* brief setting forth

-12-

his arguments in the appellate court. The appeal was dismissed for lack of jurisdiction and Lampkins' request for appointment of counsel was denied by the Seventh Court of Appeals for the same reason. *See Lampkins v. State, No 07-00-0094-CR, Letter to Lampkins from the Seventh Court of Appeals dated June 8, 2000.* In short, Lampkin's complaint that counsel failed to consult with him is meritless. Similarly, Lampkins cannot succeed on his claim that counsel did nothing more than file an *Anders* brief.

The Constitution does not require that appellate counsel raise all non-frivolous grounds on appeal. *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir.), *cert. denied*, 493 U.S. 970 (1989). And it certainly doesn't require that appellate counsel raise frivolous grounds on appeal. After a thorough review of the grounds raised in the instant action, this Court has determined that none of Lampkins' grounds for habeas relief are meritorious. An appellate attorney is not ineffective when he fails to present non-meritorious grounds on appeal. A review of the record reflects that, not only did Lampkins have no viable ground upon which to challenge his conviction, he waived his right to appeal and that waiver, upon a finding that his plea was voluntary, was upheld by the appellate court. Counsel cannot be deemed ineffective for failing to argue frivolous points on appeal. Moreover, Lampkins has not shown that, but for counsel's alleged ineffectiveness, the result of the appeal would have been different. His conclusory assertions do not merit habeas relief. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir.), *cert. denied*, 121 S.Ct. 122 (2000). The appellate court found it had no jurisdiction. Lampkins is not entitled to relief on this ground.

Lampkins next claims that his plea of guilty was coerced and involuntary. A trial judge is required to ensure that a guilty plea is knowing and voluntary. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). "Before the trial court may accept a guilty plea, the court must ensure that the defendant

'has a full understanding of what the plea connotes and of its consequence.'" *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir.1991)(quoting *Boykin v. Alabama*, 395 U.S. 238, 244 (1969)), *cert. denied*, 503 U.S. 988 (1992). This constitutional inquiry focuses on three core concerns: (1) the absence of coercion; (2) an understanding of the charges, and; (3) a realistic understanding of the consequences of the guilty plea. *United States v. Bernal*, 861 F.2d 434, 436 (5th Cir. 1988), *cert. denied*, 493 U.S. 872 (1989). These core concerns are addressed by the admonishments contained in article 26.13 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 26.13 (West 1999).[4]

The record in this case reflects that Petitioner was admonished in accordance with article 26.13. He signed a stipulation of evidence and judicial confession. *TR at p. 30.* Petitioner was also admonished in open court at a hearing held on January 18, 2000. The trial judge told petitioner that the range of punishment in his case was not less than 15 years and not more than 99 years imprisonment and a fine not to exceed $10,000. *Reporter's Record, Volume 4 of 5 at pp. 6.* Petitioner stated that he understood the range of punishment, that he understood the terms of the plea bargain agreement and that he was pleading guilty because he was, in fact, guilty. *Id. at pp. 7-8.* Lampkins stated that his plea of guilty was not the result of intimidation, coercion or threats. *Id. at p. 7.* He agreed to the stipulation of evidence against him and understood that he was waiving his right to a trial by jury and making a judicial confession. *Id. at pp. 9-12.* The Court determined that Lampkins was mentally competent to enter his guilty plea and that the plea was "given freely, voluntarily and knowingly." *Id. at pp.13-14.* Lampkins stated that he understood he had waived

---

[4] The admonishments under Rule 11 of the Federal Rules of Criminal Procedure provide "prophylactic protection for the constitutional rights involved in the entry of a guilty plea." *United States v. Gracia*, 983 F.2d 625, 627 (5th Cir. 1993). The Rule 11 admonishments and those set forth under article 26.13 are substantially the same. Thus, it follows that the article 26.13 admonishments serve to protect the constitutional rights of defendants entering guilty pleas in the State courts of Texas. *Jamme v. Cockrell*, No. Civ. A. 3:01-CV-1370-L, 2002 WL 1878403, at *5 (N.D. Tex. Aug. 12, 2002).

his right to appeal and that he would need the Court's permission to file an appeal.  *Id. at p. 15.* Throughout the hearing, Lampkins acknowledged that he understood all of the court's admonishments.  Based upon his plea of guilty and the evidence presented, the judge found that Lampkins committed the offense charged and sentenced him to 40 years confinement in compliance with the plea agreement.  *Id. at p.15.*

"Solemn declarations in open court carry a strong presumption of verity."  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *United States v. Abreo*, 30 F.3d 29, 31 (5th Cir.), *cert. denied*, 513 U.S. 1064 (1994).  "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."  *Blackledge*, 431 U.S. at 74.  When habeas petitioner's factual allegations are refuted by his own testimony given during his plea proceeding, he is not entitled to be heard on the new factual allegations absent corroborating evidence such as the affidavit of a reliable third person. *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985).  "This result is necessitated by the interest of finality in the criminal process."  *United States v. Sanderson*, 595 F.2d 1021, 1022 (5th Cir. 1979).  Lampkins has provided no such corroborating evidence and his claims, in the face of the record, are wholly incredible.  It is clear, from the record in this case, that Lampkins' guilty plea was not coerced, that he understood the nature of the charge against him and that he had a realistic understanding of the consequences of his guilty plea.[5]  Therefore, he is not entitled to habeas relief on the ground of involuntary plea of guilty.

---

[5] "The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged.'"  *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir.), *cert. denied*, 517 U.S. 1198 (1996) (quoting *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990)).

In his final ground for relief, Lampkins submits that the trial court erred by failing to determine the legal sufficiency of the evidence beyond a reasonable doubt.  In other words, he argues that there was insufficient evidence to support the trial court's finding of guilt.  Lampkins signed a judicial confession wherein he stated that he read, understood and admitted every allegation made against him in the indictment.  *TR at p. 30.*  He has not provided the Court with any substantial basis upon which to question the accuracy and reliability of his sworn admission that he committed the crime with which he was charged.  Under Texas law, a judicial confession standing alone is sufficient to sustain a conviction upon a plea of guilt.  *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979).  Moreover, there is no federal constitutional requirement that a state court establish a factual basis to corroborate a guilty plea in a state criminal prosecution prior to its acceptance unless the state judge has specific notice that a factual inquiry is needed, such as when an accused asserts his innocence in conjunction with his plea.  *Orman v. Cain*, 228 F.3d 616, 621 (5th Cir. 2000); *Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir. 1986).  The evidence in this case was clearly sufficient to support the trial court's finding of guilt.

As discussed earlier, under 28 U.S.C. § 2254(d):

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Petitioner has failed to demonstrate that the state courts' decisions were contrary to or involved an unreasonable application of federal law or that any decision was based upon an unreasonable determination of the facts in his case.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is DENIED.

The Clerk of Court shall transmit a true copy of this Order to Petitioner and to Counsel for Respondent.

SO ORDERED this 12th day of August, 2005.

JERRY BUCHMEYER
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS